RECEIVED
NOV 1 3 2019
Office of the
Adams County Attorney

| DISTRICT COURT, ADAMS COUNTY<br>STATE OF COLORADO<br>Address: 1100 Judicial Center Drive<br>Brighton, Colorado 80601 | DATE FILED: September 3, 2019 12:38 PM<br>FILING ID: 2E63B072EC565<br>CASE NUMBER: 2019CV31385 |
|---|---|
| | ▲ COURT USE ONLY ▲ |
| Plaintiff: **Serjio Valles,**<br><br>v.<br><br>Defendants: **Sheriff Richard Reigenborn, Detention Division Chief Chris Laws, and numerous Adams County John and Jane Doe Detention Deputies in their individual capacities and various Adams County Detention Center medical personnel, denominated herein as John and Jane Roe, in their individual capacities and Correct Care Solutions, LLC d/b/a Wellpath LLC.** | |
| **BLUMENTHAL LAW OFFICES, LLC**<br>Thomas Blumenthal #15549<br>1575 Race Street<br>Denver, Colorado 80206<br>p. 303-839-5562  f. 303-675-4577<br>Blumenthal.law@gmail.com | Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

**COMES NOW,** the Plaintiff, Serjio Valles, by and through his counsel, Blumenthal Law Offices, LLC, Thomas Blumenthal and brings his complaint against the Defendants. In support:

## INTRODUCTION

1. This is an action brought by Serjio Valles, a 53 year old Commerce City, Colorado resident with a home address of 6120 Olive Street, Commerce City, Colorado. Hereinafter he is referred to as "Valles".

2. Adams County Sheriff Reigenborn, Detention Chief Laws, and John and Jane Doe detention center deputies maintain, operate and/or work in the Adams County pre-trial and

1

post-trial detention facility in Brighton, Colorado under color of state law.

3. At all times relevant to this action, Correct Care Solutions, LLC, d/b/a Wellpath LLC (hereafter Wellpath) is a Delaware limited liability company doing business in the State of Colorado. Its principal street address is located at 1283 Murfreesboro Road, Suite 500, Nashville, Tennessee. On information and belief, Adams County Sheriff contracts with Wellpath to provide medical services to inmates and detainees at the Adams County Sheriff Detention Center located at 150 19th Street, Brighton Colorado.

4. At all times relevant to this complaint, Valles was a patient of the University of Colorado oncology unit. At the time of his arrest and detention he was undergoing various treatments for cancer. In early July, 2019, he began an intense course of chemotherapy involving multiple drugs prescribed to him by his physicians.

5. On July 4, 2019, Mr. Valles was arrested on Adams County criminal case 19CR2519, and detained without bond in the Adams County Detention facility in Brighton, Colorado.

6. The day of his arrest on Adams County case 19CR2519, Valles had undergone his first round of chemotherapy. He was given Eloxatin, Irinotecan, Camptosar, Leucovorin, Aloxi, Adrucil, together with other anti-cancer antigens, steroids and nuclear medicine. A chemotherapy bag was installed in and on Valles. This bag had pic lines into his body to properly and effectively administer his anti-cancer medications.

7. Immediately after his arrest Valles was taken to the Adams County Detention Facility. This facility is maintained for the benefit of Adams County, and it is operated by Defendants Sheriff Reigenborn and Chief Laws under color of state law.

8. On arrival, Valles told the detention staff that he was just starting chemotherapy,

2

and that he needed to receive medications and treatments to facilitate the chemotherapy. Later in the afternoon his family gave Wellpath representatives and the Adams County Sheriff's Detention Center employees all of his medications in their official prescription marked bottles. .

9. Valles was initially processed by Adams County Detention Center Deputies. His medical appliance was obvious, and he advised the jail that he was in the middle of chemotherapy. The Detention Center and Wellpath determined that it was necessary to take Valles to a local hospital so that he could be "cleared" for detention.

10. Valles was taken to the Rose Hospital Stapleton Emergency Room, where he was examined by Dr. Allison Kneeland. Sometime before 4 pm, she refused to clear Valles for detention.

11. Acting without regard for Valles' well-being and constitutional rights, the Defendants Detention Center and Wellpath decided that they would seek an opinion from another, local Emergency Facility. This "do-over" was done to advance the interest of detention, and with utter disregard for both medical and constitutional standards.

12. At or around 8:00 pm Valles was taken to the emergency room at a Brighton, Colorado Urgent Care Clinic, Platte Valley SCL. He was examined by Physician Assistant Noel Kristine Kiley who cleared him for detention, directly contravening the opinion given by the Rose Medical Center Medical Doctor. PA Kiley wrote orders that Valles' bag and pump needed to remain in place, and that he should be housed in the jail medical unit. He was returned to the Detention Center.

13. Valles' chemotherapy bag began to leak and ultimately broke early in the afternoon on July 5, 2019. When it broke, any number of chemicals and radioactive treatment solutions broke over Valles' hands. Valles was told that he had to clean these things up and he

was given toilet paper to do so. Valles was not given gloves, or any other kind of protective item so that he could clean himself. These drugs made direct contact with his skin. Valles was then returned to his cell. This amounted to substandard medical care, and it was the definition of inadequate and unconstitutional medical care for a detainee.

9. During his incarceration at the Adams County Detention Center, Valles began to suffer from symptoms of nausea, diarrhea, increased salivation, and lacrimation. The site of his chemotherapy line was extraordinarily painful. He had direct contact from the medications on his skin. his At no time did Wellpath or the Adams County Detention Facility administer the anti-cancer and other medications that had been provided to them by his fiancée.

10. Valles continued to tell the John and Jane Doe detention facility employees and the Wellpath medical personnel at the Adams County Detention Center that he needed immediate medical attention, and that he had follow up appointments at University of Colorado oncology clinic on July 5. Valles told the John and Jane Doe detention center employees and the John and Jan Roe individual defendants (provided by defendant Wellpath LLC) that they needed to communicate with clinical personnel at the University of Colorado Oncology Unit to learn how to handle his condition.

11. John and Jane Roe detention facility medical personnel provided by defendant Wellpath LLC, did not return Valles to a hospital so that he could obtain adequate, humane and constitutionally sanctioned treatment after his bag leaked and his line site irritation arose.

12. Defendant John and Jane Doe Adams County Sheriff Detention Center employees, presently unknown but who will be identified through discovery, delayed and refused Valles' medical care and treatment at the Wellpath LLC facility in the Adams County Detention Center. Wellpath LLC contacted Valles' providers and

4

cancelled his upcoming appointments with his regular providers, causing further delay in treatments that were necessary to extend his life.

13. At all times relevant to this complaint, Adams County detention and Wellpath employees were aware, or should have been aware that Valles needed emergent, specialized medical care outside of a Detention center setting. In spite of this knowledge, Wellpath LLC's medical staff denied him adequate medical care and Detention Center personnel consciously ignored medical opinions from Rose Medical Center that he was in no conditioned to be detained outside of a hospital.

14. As a direct result of not receiving appropriate attention from detention employees, and of not receiving medical attention from defendant Wellpath, LLC, Valles suffered pain, nausea, increased salivation, lacrimation, dehydration, an increased risk of death and great emotional distress.

15. On information and belief, Valles has been told that the defendant's inaction and refusal to treat him will now hasten his death.

16. Defendant's conduct, under color of State Law, proximately caused the deprivation of Valles' federally protected rights to be free from cruel and unusual punishment, to receive Due Process under the Fourteenth Amendment to the United States Constitution, and other Federally protected civil rights, enumerated more fully below.

## JURISDICTION NOTICE AND VENUE

17. This action arises under the Constitution and laws of the United States and the State of Colorado and is being brought pursuant to 42 U.S.C. 1983. Attorneys' fees are authorized by 42 U.S.C. 1988. <u>Martinez v. California</u> 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed. 2d 481 (1980) permits 42 U.S.C. 1983 claims to be litigated in state courts. Statutory notice of

claim under 24-10-109 Colo. Rev. Stat. was given to Adams County Attorney Heidi Miller on July 17, 2019 via certified mail.

17. All of the civil rights deprivations concerned by this filing took place in Adams County, Colorado; defendants maintain facilities and offices in Adams County and thus venue is appropriate in this Court.

19. Wellpath LLC can be sued under 42 U.S.C. 1983 for their deliberately indifferent policies, practices, habits, customs, procedures, lack of training, and meager staff supervision because they were acting under color of state law and performing a central function of the state, thus triggering liability under 42 U.S.C. 1983. All of the conduct of Wellpath LLC and its employees and agents is charged to Adams County, and Wellpath LLC was acting in consort and jointly with government actors.

20. Defendant John and Jane Roe medical staff personnel are sued in their individual capacities for the substandard care provided to Valles, under color of state law.

21. Wellpath LLC is sued for its actions and omissions under color of state law.

## FACTUAL ALLEGATIONS

22. Plaintiff Valles incorporates, by reference, all previous paragraphs herein.

23. Valles needed humane treatment and medical care from the time he arrived at the Adams County Detention Facility (early July 4) until the time he left the Adams County Detention facility around nine pm on July 5, 2019. Valles' constitutional rights to humane detention were violated by Sheriff Reigenborn, Chief Laws, the Adams County Detention Center and John and Jane Doe Detention Center employees (in their individual capacities).

24. Valles was not given adequate medical attention from defendant Wellpath LLC. Wellpath LLC refused to transport Valles to University Hospital for treatment. Valles

chemotherapy regimen was completely disrupted on July 5, 2019 because defendant Wellpath LLC, through its agents and employees, did nothing to ensure that he was taken to the hospital so that his second round of chemotherapy drugs could be administered to him as part of his cancer treatment regimen. The care and treatment provided to Valles was ineffective, and unhelpful. Valles was terrified that he would never get back on chemotherapy, especially after his appointments were cancelled by Defendants.

25. The lack of medical care and the unconstitutionally punitive detention treatment have directly and proximately caused Valles suffering, caused his medical condition to worsen, and they have impugned his constitutional rights in a manner to be more fully enumerated and proven at trial.

## FIRST CLAIM FOR RELIEF -42 USC 1983 FOURTEENTH AMENDMENT BARRING DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS (against all defendants)

26. Valles incorporates, by reference, all previous paragraphs of this complaint as if fully set forth herein.

27. At all times relevant to this complaint, each and every defendant acted under color of state law.

28. At all times relevant to this complaint, Mr. Valles was and is a citizen of the United States, and of the State of Colorado, as contemplated by 42 U.S.C. 1983.

29. At all times relevant to this complaint, the persons named as individuals are to be considered persons as contemplated by 42 U.S.C. 1983.

30. Valles had a clearly established right under the Fourteenth Amendment, U.S. Const. to be free from deliberate indifference to his serious medical needs.

31. Each individual knew or should have known of the right to be free from deliberate

indifference to Valles' medical needs.

32. At all times relevant to this Complaint, each individual Defendant knew of and disregarded the substantial risks from failing to treat Valles' serious medical condition. Rather than heeding the suggestions of the Rose Medical Center, and releasing him, they sought out a "better" opinion so that they could more easily disregard his right to be free from cruel and unusual treatment.

33. Defendants chose to ignore Valles serious medical condition with deliberate indifference to Valles' constitutional right to adequate medical care, as provided by the Due Process and Cruel and Unusual Punishment Clauses of the U.S. Const.. They chose to not treat Valles in keeping with appropriate medical protocol in spite their knowledge of Valles serious medical needs, thereby advancing his cancer in the long run and causing him to suffer intolerable pain while incarcerated in their care. Defendants, including John and Jane Doe detentions deputies sued individually knew that Valles faced a substantial risk of harm from disruption in his chemotherapy and they ignored that risk with deliberate indifference to Valles constitutional right to medical care as provided by the Due Process Clause of the Fourteenth Amendment, U.S. Const..

34. All the deliberately indifferent acts and/or omissions of each individually named Defendant in this complaint were performed within the scope and course of their official duties and employment.

35. The acts or omissions of each individual defendant were the legal and proximate cause of Valles' suffering, pain, and the ultimate disruption of his chemotherapy treatment on July 4 and July 5, 2019. The defendants went so far as to cancel Valles chemotherapy appointments after he was incarcerated in the Adams County Detention Facility.

36. Wellpath, LLC and its parent entity, Correctional Healthcare Companies, LLC, and Correct Care Solutions, LLC, have a pattern of deliberate indifference and unreasonable delay in instances of serious and/or emergent medical treatment nationwide, as well as at the Adams County Detention Center.

37. The deliberate indifference, unreasonable delay and the substandard quality of medical care was litigated in, and is exemplified by the following cases:

   a. McGill v.. Correctional Healthcare Companies, et.al. 13cv-1080 RBJ-BNB (D.Colo.);

   b. Revilla v. Stanley Glantz, Sheriff, 13-cv-00315 JED-TLW (N.D. Okla.);

   c. Lara-Williams/Burke v. Glanz 11cv-00720-JED-PJC (N.D. Okla.);

   d. Turley v. Correctional Healthcare Management, Inc. 10-cv-02772-REB-BNB (D. Colo.); and

   e. Estate of Bruce R. Howard v. El Paso County 10-cv-02740-MEH-CMA (D.Colo.).

38. But for custom, practice and habit of indifference to inmates' serious medical needs that was put into effect and maintained by Wellpath, LLC and its related entities, Valles would not have been injured and or damaged in the manner he has described herein, and he would not have had his constitutional rights damaged in the manner described herein. The deprivation was a natural and foreseeable consequence of Wellpath LLC's acts and omissions.

39. But for the actions of the individual John and Jane Roe defendants, Valles would not have suffered the deprivations of his constitutional rights as claimed herein.

40. But for the actions of the John and Jane Doe detention defendants Valles would not have suffered the deprivations of his constitutional rights as claimed herein.

## SECOND CLAIM FOR RELIEF- 42 U.S.C.1983 AGAINST SHERIFF REIGENBORN DETENTION CHIEF LAWS AND JOHN AND JANE DOE DETENTION DEPUTIES FOR EIGHTH AMENDMENT DEPRIVATIONS

41. Valles incorporates by reference, as if fully set forth herein, all previously stated Paragraphs.

42. On all relevant dates embraced by this complaint, Valles was a pre-trial detainee of the Adams County Sheriff's Detention facility, relating to case 19CR2519.

43. Adams County Sheriff Detention Facility, at all times pertinent to this complaint operates under color of state law.

44. All Adams County Detention Facility personnel, named individually herein as John and Jane Doe, were acting under color of state law during the time concerned by this complaint.

45. The actions of the Adams County Detention Facility defendants, Reigenborn, Laws, and the John and Jane Doe individually defendants are brought because they detained Valles in particularly cruel and unusual manner, failing in providing him medical treatment, denying him access to communications (to contact physicians and his oncology clinic), and by cancelling his medical appointments, all of which caused him unnecessary suffering. The intentional actions (or failures to act) of each individual defendant, each of which acting under color of state law caused Valles to suffer cruel and unusual punishment. Freedom from cruel and unusual punishment is secured by Amendments 8 and 14, U.S. Const..

46. The denial of medical care has no penological purpose, and it serves to make the inmate fear and suffer emotionally and often, physically.

47. Deliberate indifference to Valles medical needs directly stemmed from the infliction of cruel and unusual punishment as contemplated by the Eighth Amendment. Estelle v. Gamble 429 U.S. 97 (1976).

## PRAYER FOR RELIEF AS TO BOTH CLAIMS

48. Valles incorporates, by reference, all prior paragraphs as if fully set forth herein.

49. Valles is entitled to his attorneys' fees under 42 U.S.C. 1988 in a reasonable amount, in keeping with standards enunciated under that statute.

50. As a direct and proximate result of each individual Defendant's actions, Valles is entitled to compensatory damages for the deprivation of civil rights on both claims herein. Valles is also entitled to punitive damages against the individual detention and medical personnel named herein as John and Jane Doe and Roes. These punitive damages are to redress those defendants willful, wanton, reckless and malicious conduct in violation of Plaintiff's civil rights.

51. Wellpath, LLC and the individual medical center staff named here as John and Jane Roe defendants proximately caused damage to Valles health, cancer treatment, caused him to suffer, denied him medications and cancelled his medical appointments at the University of Colorado Hospital. Their actions and inactions were taken with deliberate indifference to Valles constitutional rights.

WHEREFORE, Valles requests that this Court enter judgment in his favor against the Defendants, jointly and severally and grant:

a) Compensatory and consequential damages, including damages for impediment to his chemotherapy, damages for emotional distress, humiliation, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

11

b) Attorney fees per statute, costs including expert witness fees on all claims allowed by law;

c) Declaratory relief setting conditions and imposing quality standards on the Wellpath LLC administration of medical care in Adams County Detention Facility;

d) Pre-and post-judgment interest at the lawful rate; and

e) Any further relief that this Court deems just and proper, and any other relief as allowed by law, statute, practice or custom.

## PLAINTIFF REQUESTS A JURY TRIAL ON ALL MATTERS RAISED HEREIN

Dated this 3rd day of September, 2019.

BLUMENTHAL LAW OFFICES, LLC

/s/ Thomas Blumenthal
original maintained on file at offices
named herein

Thomas Blumenthal #15549

Plaintiff's address: 6130 Olive Street, Commerce City, Colorado